No. 657

BRADFIELD et v. BARNESVILLE (Village)

No. 19891. Supreme Court

On motion to certify. Dock. June 11, 1926; 4 Abs. 393.

997. REAL PROPERTY—Where a parcel of real estate has been deeded by general warranty deed to a village for street or alley purposes and said property has been accepted by the village through an ordinance, the deed not being recorded, may a bona fide innocent purchaser for value acquire and hold the property deeded to the village when the same is conveyed to him by warranty deed?

This suit was brought originally in the Belmont Common Pleas by the village of Barnesville against Gibson Bradfield, Frank T. Robinson and William Kennard, in an effort to obtain an injunction against the plaintiffs in error restraiing the maintaining of a fence on certain property.

It appears that Bradfield et al. purchased the property in question from the receiver of the Eastern Ohio Glass Company and thereupon constructed a fence around said property. Prior thereto the city had acquired a certain strip of property for alley purposes by general warranty deed, said strip being a part of the property conveyed by the receiver. The village accepted the conveyance by ordinance, the recorded plat showing the alley but the deed had never been recorded and Bradfield et al. were innocent purchasers for value without notice.

The evidence disclosed that the deed to the city had never been recorded; that Bradfield et al. were innocent holders for value without notice of the conveyance in question; that a recorded plat showed the location of an alley upon the property in question; and that the public had used this property but over no definite, established roadway.

The Common Pleas rendered judgment in favor of Bradfield, which judgment was reversed by the Court of Appeals. Bradfield et, in the Supreme Court, contends:

1. That they were bona fide purchasers for value without notice, the deed to the village never having been recorded, and were therefore entitled to the ownership and use of said property.

2. That dedication of a public highway or alley must be made by the owner of the land.

3. That the public did not gain any perscriptive right because the use of said property was a miscellaneous and varying travel and not over any definite and bounded roadway.

Attorneys—Thornsburg & Lewis, St. Clairsville, for Bradfield et; J. H. Chaney, Barnesville, for Village.